UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE LASHON POWELL,

        Petitioner,                      FILE NO. 4:06-CV-97

v.                                        HON. ROBERT HOLMES BELL

MARY BERGHUIS,

        Respondent.
_____/

**OPINION ADOPTING REPORT AND RECOMMENDATION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition (docket #4). The matter presently is before the Court on Petitioner's objections to the R&R (docket #5). For the reasons that follow, Petitioner's objections are rejected and the R&R is adopted in its entirety as the opinion of this court.

I.

This Court reviews *de novo* those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). *See also U.S. Fidelity and Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992) (noting that a district court conducts *de novo* review of magistrate judge's rulings on dispositive motions); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report,

which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

This action is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See, e.g., Penry v. Johnson*, 532 U.S. 782, 791 (2001). Under the AEDPA, promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 126 S. Ct. 1675, 1684 (2006).

**II.**

On February 19, 2002, Petitioner pleaded guilty in the Kalamazoo County Circuit Court to one count of assault with intent to murder and one count of possession of a firearm

during the commission of a felony. He was sentenced on March 18, 2002 to a term of sixteen to thirty years on the assault conviction and two consecutive years on the felony-firearm conviction.[1]

Petitioner did not file a direct appeal. On February 9, 2004, he filed a motion for relief from judgment in the Kalamazoo County Circuit Court, which subsequently was denied. He appealed the denial to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal his motion on October 31, 2005.

The Magistrate Judge concluded that the petition was barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). According to the Magistrate Judge's calculations, at the time Petitioner filed his motion for relief from judgment on February 9, 2004, Petitioner had only ten days remaining on the one-year period for seeking review in this Court. As previously stated, a review of the attachments to the petition reveals that Petitioner had 37 days remaining in the limitations period at the time he filed his state-court motion. The limitation period was then tolled until after decision on his state-court motion was final. That decision became final on January 31, 2006, 90 days after the Michigan

---

[1] The Magistrate Judge, relying on the declarations in the petition, mistakenly stated that Petitioner was sentenced on February 19, 2002. The attachments to the petition make clear, however, that sentence was not imposed until March 18, 2002. As a result of the erroneous date, the Magistrate Judge's calculations of the limitations period are off by 27 days. The remainder of this Opinion will reflect the Court's recalculations of the applicable periods.

Supreme Court denied his application for leave to appeal. The remainder of the limitations period therefore began to run on February 1, 2006 and expired 37 days later, on Friday, March 10, 2006. Petitioner did not file his habeas petition until on or about July 24, 2006.

In his objections, Petitioner argues that his limitations period should be equitably tolled because, under the Supreme Court's decision in *Halbert v. Michigan*, 545 U.S. 605 (2005), Petitioner was unconstitutionally deprived of his right to counsel on appeal. Petitioner argues at length that *Halbert* should be applied retroactively to cases that were final at the time of decision. He does not explain, however, why the lack of counsel on appeal should have prevented him from filing his motion for relief from judgment or his habeas petition.

As the Sixth Circuit repeatedly has held, equitable tolling of the AEDPA should be applied "sparingly." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). To demonstrate entitlement to equitable tolling, a petitioner must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Assuming for purposes of argument that the *Halbert* decision should be retroactively applied to cases on collateral review, *Halbert*'s applicability merely provides a ground for excusing Petitioner's procedural default in state court; it does not provide an explanation for

4

why Petitioner could not have filed his petition in a timely fashion. Moreover, even if *Halbert* could be construed as a reason for equitable tolling, the *Halbert* decision was reached on June 23, 2005, while Petitioner's statute of limitations was tolled and a full year before Petitioner filed his habeas petition. As a result, the decision cannot explain why Petitioner could not have prepared and filed his habeas petition at any time after the Michigan Supreme Court denied leave to appeal on October 31, 2005. Petitioner therefore has failed to demonstrate either that he "pursu[ed] his rights diligently" or "that some extraordinary circumstances stood in his way." *Pace*, 544 U.S. at 418.

### III.

Having considered each of Petitioner's objections and finding no error, the Court hereby denies Petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge, as modified, as the opinion of the Court.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See, e.g., Love v. Butler*,

952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural grounds that it was barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*. The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural ground that the petition is barred by the statue of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the

petition or that the petitioner should be allowed to proceed further." *Id*. Therefore, the Court denies Petitioner a certificate of appealability.

    A judgment consistent with this opinion shall be entered.


Date:   October 23, 2006         /s/ Robert Holmes Bell
      ROBERT HOLMES BELL
      CHIEF UNITED STATES DISTRICT JUDGE